## In the Middle District of Pennsylvania, Civil Action Court

| | |
|---|---|
| **Plaintiff** | ) |
| **1. Christian M. Smithson** | ) |
| **3400 Concord Rd.** | ) |
| **York, P.A 17402** | ) |
| v. | ) **Case number;** <u>1.14-CV-2073</u> |
| **Defendant** | ) |
| **A. Gayle Federico** | ) |
| **York County Prison Inmate Counselor** | ) |
| **3400 Concord Rd.** | ) |
| **York, P.A. 17402** | ) |
| & | ) |
| **Defendant** | ) |
| **B. Scott Koons** | ) |
| **York County Treatment Supervisor** | ) |
| **3400 Concord Rd.** | ) |
| **York, P.A. 17402** | ) |
| & | ) |
| **Defendant** | ) |
| **C. Brittney O'Brien** | ) |
| **York County Prison Grievance Coordinator** | ) |
| **3400 Concord Rd.** | ) |
| **York, P.A. 17402** | ) |
| & | ) |
| **Defendant** | ) |
| **D. Bea May** | ) |
| **York County Prison Complaint Supervisor** | ) |
| **3400 Concord Rd.** | ) |
| **York, P.A. 17402** | ) |
| & | ) |
| **Defendant** | ) |
| **E. Clair Doll** | ) |
| **York County Prison Deputy Warden** | ) |
| **3400 Concord Rd.** | ) |
| **York, P.A. 17402** | ) |
| & | ) |
| **Defendant** | ) |
| **F. Mary Sabol** | ) |
| **York County Prison Warden** | ) |
| **3400 Concord Rd.** | ) |
| **York, P.A. 17402** | ) |
| & | ) |
| **Defendant** | ) |
| **G. York County Prison** | ) |
| **3400 Concord Rd.** | ) |
| **York, P.A. 17402** | ) |

FILED

OCT 2 8 2014

PER
HARRISBURG, PA  DEPUTY CLERK

<u>**To Be Filed under; 42 U.S.C. 1983, pursuant to**</u>
<u>**28 U.S.C.S 1915A and 42 U.S.C.S 1997e**</u>

<u>**Notice to Defend**</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

_____
*(Name of office)*

_____
*(Address)*

_____
*(Telephone Number)*

**1.) For the remainder of this complaint, and for each defendant itinerated below under section # 2; the Plaintiff is Christian Michael Smithson of York County, Pennsylvania.**

**i.)** Plaintiff, Christian Michael Smithson is an adult individual residing at 3400 Concord Rd., York P.A. 17402 while incarcerated in lieu of two pending cases before the Court of Common Pleas of York County which remain unresolved.

**ii.)** At all times mentioned herein, the Plaintiff was an inmate incarcerated at York County Prison, under the supervision, custody, and care of the York County Prison System, by order of the York County Judicial System within Criminal Case numbers; CP-67-CR-0007794-2012 and CP-67-CR-0000709-2013.

**iii.)** At all times mentioned herein, Defendant(s) (A-G) acted or failed to act through themselves, their agents, their servants, or their employees whom acted for and/or on the Defendant(s) benefit and/or behalf, while under the Defendant(s) control and/or responsibility, and within the course and scope of their employers authority or vocation.

**iv.)** At all times mentioned herein, Defendant(s) (A-G) acted by themselves and/or in concert, whether knowingly or not; to deny the Plaintiff the privilege of working within the York County Prison for the stated or otherwise implied reason of the Plaintiffs' pending charges via spoken and/or written means of communication.

**v.)** At all times mentioned herein, Defendant(s) (A-G) were informed by the Plaintiff that such an act of denial for the expressed reason given to the Plaintiff at the time of request and/or communication; was a violation of the Plaintiffs' constitutionally protected Due Process rights via spoken and/or written means of communication.

**vi.)** At all times mentioned herein, Defendant(s) (A-G) proceeded to deny or otherwise hinder the Plaintiff from the privilege of working within the York County Prison for the expressed reason of the Plaintiffs' pending charges despite the Plaintiffs' averment of a violation of the Plaintiffs constitutionally protected rights.

**vii.)** The Plaintiff has completed his requirement to exhaust all administrative remedies pursuant to the requirements of Due Process; to no avail. Included with this lawsuit, please find a copy of all grievance documents pertinent to the Plaintiffs' continued complaint. These records have all been noted Exhibit 'A'.

**viii.)** The Plaintiff presents that no answer; lodged by the Defendants' within the Plaintiffs' exhaustion of all administrative remedies pursuant to the requirements of Due Process noted in Exhibit 'A'; properly addresses or alleviates the complaint of the Plaintiff by any reasonable standard of justice or an attempt to reconcile the issue presented by the Plaintiff.

**ix.)** At all times mentioned herein, the Plaintiff repeatedly noted that the violation of constitutional rights alleged by the Plaintiff, was of the right not to be denied a privilege based upon the expressed reason of the Plaintiffs' pending charges-of which Due Process had not been completed.

**x.)** Upon submission and acceptance of this lawsuit, the Plaintiff moves this Honorable Court to Compel Discovery items requested by the Plaintiff; to be admitted as evidence and discovery within this matter pursuant to the enclosed Petition/Motion to Compel Discovery.

**xi.)** The Plaintiff presents that this venue is proper pursuant to 42 U.S.C. 1983, 28 U.S.C.S 1915A, and 42 U.S.C.S 1997e.

**xii.)** The Plaintiff further moves this Honorable Court to grant Preliminary Injunctive Relief pursuant Federal Rules of Civil Procedure Title VIII Rule 65(a)(1); ordering York County Prison to relent custody of the Plaintiff to another Correctional Institution for the following reasons;

    **a.)** York County Prison, since notification of the impending submission of this lawsuit, has collectively ceased to answer any of the Plaintiffs' grievances whether related to the issue averred within this lawsuit or not. In doing so, York County Prison has effectively severing the Plaintiffs' access to the courts and to administrative remedies protected by 42 U.S.C. 1983.

    **b.)** York County Prison, since notification of the impending submission of this lawsuit, has collectively continued to deny the Plaintiff the ability to work within York County Prison. This repeated

denial further prejudices the Plaintiff in the same manner complained of, whereas a different correctional facility may provide the Plaintiff relief from continuing violation and/or prejudice.

      **c.)** York County Prison, since notification of the impending submission of this lawsuit, has collectively chosen to deny the Plaintiff copies of discoverable documents requested by the Plaintiff for inclusion within this lawsuit.

      Wherefore, the Plaintiff claims damages from the Defendant(s) in an amount *not* in excess of $42,000 and costs per year of the Plaintiff's incarceration due to the losses incurred by the Plaintiff due to the Defendant(s) action(s). This total is a total made up from the calculation of all relief requested below, inclusive of lost wages and punitive damages. The Plaintiff further requests this Honorable Court to grant preliminary injunctive relief in the manner of removing the responsibility of custody of the Plaintiff to a different correctional facility. This lawsuit incurs a request for declaratory judgment in addition to the aforementioned punitive and monetary damages as itinerated below. Said Declaratory Judgment should mandate York County Prison to change its current policy; which has been preventing inmates whom have not been convicted-from working within York County Prison for the expressed reason of an inmates' pending charges.

**2.) The Defendants and the basis of the plaintiffs' cause of action for each defendant are as follows:**

      **A.)** Gayle Federico is an individual employed as a Counselor at York County Prison at all times pertinent hereto.

      **i.)** At all times pertinent hereto, the Defendant was acting as a member and employ of the York County Prison, under such colors and position of authority and decision as such entitles; and with such privileges, rights, and duty as such position requires.

      **ii.)** At all times pertinent hereto, the Defendant acted within the Defendants' own power of reason and knowledge, choosing to deny the Plaintiff relief from a violation of constitutionally provided Due Process protection despite objections from the Plaintiff.

      **iii.)** At all times pertinent hereto, the Defendant has denied the Plaintiff via spoken verbal statements, written, or otherwise documented means; the right to be free from being denied privileges based upon the Plaintiffs' pending charges. These action(s) have been committed in violation of the Pennsylvania Constitution as well as the United States Constitution; both of which protect the Plaintiffs' right not to be denied a privilege without due process of law.

## Count I

      The Defendant, Counselor Gayle, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 9 rights. Pennsylvania Constitution Article I § 9 provides that 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have

compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 9.

### Count II

The Defendant, Counselor Gayle, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 26 rights. Pennsylvania Constitution Article I § 26 provides that 'Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 26.

### Count III

The Defendant, Counselor Gayle, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 5. Amendment 5 provides that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 5.

### Count IV

The Defendant, Counselor Gayle, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 14 Section 1. Amendment 14 Section 1 [citizens of the United States.] provides that 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 14 Section 1.

**B.)** Scott Koons is an individual employed as a Treatment Supervisor at York County Prison at all times pertinent hereto.

**i.)** At all times pertinent hereto, the Defendant was acting as a member and employ of the York County Prison, under such colors and position of authority and decision as such entitles; and with such privileges, rights, and duty as such position requires.

**ii.)** At all times pertinent hereto, the Defendant acted within the Defendants' own power of reason and knowledge, choosing to deny the Plaintiff relief from a violation of constitutionally provided Due Process protection despite objections from the Plaintiff.

**iii.)** At all times pertinent hereto, the Defendant has denied the Plaintiff via spoken verbal statements, written, or otherwise documented means; the right to be free from being denied privileges based upon the Plaintiffs' pending charges. These action(s) have been committed in violation of the Pennsylvania Constitution as well as the United States Constitution; both of which protect the Plaintiffs' right not to be denied a privilege without due process of law.

## Count I

The Defendant, Treatment Supervisor Koons, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 9 rights. Pennsylvania Constitution Article I § 9 provides that 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 9.

## Count II

The Defendant, Treatment Supervisor Koons, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 26 rights. Pennsylvania Constitution Article I § 26 provides that 'Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 26.

## Count III

The Defendant, Treatment Supervisor Koons, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 5. Amendment 5 provides that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 5.

## Count IV

The Defendant, Treatment Supervisor Koons, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 14 Section 1. Amendment 14 Section 1 [citizens of the United States.] provides that 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States;

nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 14 Section 1.

**C.)** Brittany O'Brien is an individual employed as a Grievance Coordinator at York County Prison at all times pertinent hereto.

**i.)** At all times pertinent hereto, the Defendant was acting as a member and employ of the York County Prison, under such colors and position of authority and decision as such entitles; and with such privileges, rights, and duty as such position requires.

**ii.)** At all times pertinent hereto, the Defendant acted within the Defendants' own power of reason and knowledge, choosing to deny the Plaintiff relief from a violation of constitutionally provided Due Process protection despite objections from the Plaintiff.

**iii.)** At all times pertinent hereto, the Defendant has denied the Plaintiff via statements that were written; the right to be free from being denied privileges based upon the Plaintiffs' pending charges. These action(s) have been committed in violation of the Pennsylvania Constitution as well as the United States Constitution; both of which protect the Plaintiffs' right not to be denied a privilege without due process of law.

## Count I

The Defendant, Grievance Coordinator Brittany O'Brien, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 9 rights. Pennsylvania Constitution Article I § 9 provides that 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 9.

### Count II

The Defendant, Grievance Coordinator Brittany O'Brien, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 26 rights. Pennsylvania Constitution Article I § 26 provides that 'Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 26.

### Count III

The Defendant, Grievance Coordinator Brittany O'Brien, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 5. Amendment 5 provides that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 5.

### Count IV

The Defendant, Grievance Coordinator Brittany O'Brien, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 14 Section 1. Amendment 14 Section 1 [citizens of the United States.] provides that 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 14 Section 1.

**D.)** Bea May is an individual employed as a Complaint Supervisor at York County Prison at all times pertinent hereto.

**i.)** At all times pertinent hereto, the Defendant was acting as a member and employ of the York County Prison, under such colors and position of authority and decision as such entitles; and with such privileges, rights, and duty as such position requires.

**ii.)** At all times pertinent hereto, the Defendant acted within the Defendants' own power of reason and knowledge, choosing to deny the Plaintiff relief from a violation of constitutionally provided Due Process protection despite objections from the Plaintiff.

**iii.)** At all times pertinent hereto, the Defendant has denied the Plaintiff via spoken verbal statements, written, or otherwise documented means; the right to be free from being denied privileges based upon the Plaintiffs' pending charges. These action(s) have been committed in violation of the Pennsylvania Constitution as well as the United States Constitution; both of which protect the Plaintiffs' right not to be denied a privilege without due process of law.

### Count I

The Defendant, Complaint Supervisor Bea May, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 9 rights. Pennsylvania Constitution Article I § 9 provides that 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 9.

## Count II

The Defendant, Complaint Supervisor Bea May, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 26 rights. Pennsylvania Constitution Article I § 26 provides that 'Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 26.

## Count III

The Defendant, Complaint Supervisor Bea May, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 5. Amendment 5 provides that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 5.

## Count IV

The Defendant, Complaint Supervisor Bea May, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 14 Section 1. Amendment 14 Section 1 [citizens of the United States.] provides that 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 14 Section 1.

**E.)** Clair Doll is an individual employed as a Deputy Warden at York County Prison at all times pertinent hereto.

**i.)** At all times pertinent hereto, the Defendant was acting as a member and employ of the York County Prison, under such colors and position of authority and decision as such entitles; and with such privileges, rights, and duty as such position requires.

**ii.)** At all times pertinent hereto, the Defendant acted within the Defendants' own power of reason and knowledge, choosing to deny the Plaintiff relief from a violation of constitutionally provided Due Process protection despite objections from the Plaintiff.

**iii.)** At all times pertinent hereto, the Defendant has denied the Plaintiff via spoken verbal statements, written, or otherwise documented means; the right to be free from being denied privileges based upon the Plaintiffs' pending charges. These action(s) have been committed in violation of the Pennsylvania Constitution as well as the United States Constitution; both of which protect the Plaintiffs' right not to be denied a privilege without due process of law.

## Count I

The Defendant, Deputy Warden Clair Doll, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 9 rights. Pennsylvania Constitution Article I § 9 provides that 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 9.

## Count II

The Defendant, Deputy Warden Clair Doll, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 26 rights. Pennsylvania Constitution Article I § 26

provides that 'Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 26.

### Count III

The Defendant, Deputy Warden Clair Doll, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 5. Amendment 5 provides that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 5.

### Count IV

The Defendant, Deputy Warden Clair Doll, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 14 Section 1. Amendment 14 Section 1 [citizens of the United States.] provides that 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 14 Section 1.

**F.)** Mary Sabol is an individual employed as the Warden at York County Prison at all times pertinent hereto.

**i.)** At all times pertinent hereto, the Defendant was acting as a member and employ of the York County Prison, under such colors and position of authority and decision as such entitles; and with such privileges, rights, and duty as such position requires.

**ii.)** At all times pertinent hereto, the Defendant acted within the Defendants' own power of reason and knowledge, choosing to deny the Plaintiff relief from a violation of constitutionally provided Due Process protection despite objections from the Plaintiff.

**iii.)** At all times pertinent hereto, the Defendant has denied the Plaintiff via spoken verbal statements, written, or otherwise documented means; the right to be free from being denied privileges based upon the Plaintiffs' pending charges. These action(s) have been committed in violation of the Pennsylvania Constitution as well as the United States Constitution; both of which protect the Plaintiffs' right not to be denied a privilege without due process of law.

## Count I

The Defendant, York County Prison Warden Mary Sabol, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 9 rights. Pennsylvania Constitution Article I § 9 provides that 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.'

Specifically, the Defendant is alleged to have enacted an unconstitutional policy designed to deprive York County Prison inmates, including the Plaintiff, of their liberty to work within the confines of the York County Prison, for the sole reason of the inmates' pending charges; of which due process may, or was not completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 9.

## Count II

The Defendant, York County Prison Warden Mary Sabol, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 26 rights. Pennsylvania Constitution Article I § 26 provides that 'Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.'

Specifically, the Defendant is alleged to have enacted an unconstitutional policy designed to deprive York County Prison inmates, including the Plaintiff, of their liberty to work within the confines of the York

County Prison, for the sole reason of the inmates' pending charges; of which due process may, or was not completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 26.

## Count III

The Defendant, York County Prison Warden Mary Sabol, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 5. Amendment 5 provides that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land and naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.'

Specifically, the Defendant is alleged to have enacted an unconstitutional policy designed to deprive York County Prison inmates, including the Plaintiff, of their liberty to work within the confines of the York County Prison, for the sole reason of the inmates' pending charges; of which due process may, or was not completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 5.

## Count IV

The Defendant, York County Prison Warden Mary Sabol, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 14 Section 1. Amendment 14 Section 1 [citizens of the United States.] provides that 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

Specifically, the Defendant is alleged to have enacted an unconstitutional policy designed to deprive York County Prison inmates, including the Plaintiff, of their liberty to work within the confines of the York County Prison, for the sole reason of the inmates' pending charges; of which due process may, or was not completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 14 Section 1.

**G.)** York County Prison is an entity responsible for the training and actions of its employees, as well as the protection of and care for the inmates required to be housed within its property and keep.

**i.)** At all times pertinent hereto, the Defendant was acting by and through its employees whom acted as a member and employ of the York County Prison, under such colors and position of authority and decision as such entitles; and with such privileges, rights, and duty as such position requires.

**ii.)** At all times pertinent hereto, the Defendant acting by and through its employees has denied the Plaintiff privileges based upon the Plaintiffs' pending charges. These action(s) have been committed in violation of the Pennsylvania Constitution as well as the United States Constitution; both of which protect the Plaintiffs' right not to be denied a privilege without due process of law.

**iii.)** At all times pertinent hereto, the Defendant has maintained a policy of denying York County Prison Inmates the privilege of working within the York County Prison confines if the prison inmates have or had violent charges against a law enforcement officer or other figure of authority; regardless of a conviction or guilty plea.

**iv.)** At all times pertinent hereto, the Defendant has refused to allow the Plaintiff the privilege of working within the prison confines based upon the Plaintiffs' pending charges, which the Plaintiff had not been convicted of or plead guilty to.

**v.)** The Plaintiff seeks Declaratory Judgment ordering the Defendant to cease denying York County Pretrial Detainees the privilege of working within the prison confines; for the expressed reason of pending charges.

## Count I

The Defendant, York County Prison, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 9 rights. Pennsylvania Constitution Article I § 9 provides that 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 9.

## Count II

The Defendant, York County Prison, is hereby alleged to be, and to have acted in violation of the Plaintiffs' Pennsylvania Constitution Article I § 26 rights. Pennsylvania Constitution Article I § 26 provides that 'Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of Pennsylvania Constitution Article I § 26.

## Count III

The Defendant, York County Prison, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 5. Amendment 5 provides that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 5.

## Count IV

The Defendant, York County Prison, is hereby alleged to be, and to have acted in violation of the Plaintiffs' United States Constitution Amendment 14 Section 1. Amendment 14 Section 1 [citizens of the United States.] provides that 'All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

Specifically, the Defendant is alleged to have deprived the Plaintiff of his liberty to work within the confines of the York County Prison, for the sole reason of the Plaintiffs' pending charges; of which due process had not been completed.

Wherefore, the Defendant should be held liable for an amount not in excess of $1,500 per year of the incarceration of the Plaintiff; for the action of denying the Plaintiff a liberty for the sole reason of the Plaintiffs' pending charges; in violation of United States Constitution Amendment 14 Section 1.

      I, Christian Michael Smithson, hereby state that I am the Plaintiff in this action, and that the statements of fact made in the foregoing suit are true and correct based upon personal knowledge and to the best of my information and belief. The Plaintiff forwards this suit citing violations of the Pennsylvania Statutes Annotated, and of both the United States Constitutional Amendments, and the Pennsylvania Constitutional Articles; and requests the relief itinerated in each offense above. The Plaintiff additionally seeks Declaratory Judgment ordering York County Prison to alter or otherwise rescind its policy of denying pre-trial detainees in-house jobs because of pending charges. The Plaintiff further cites the violation of Constitutional Law as the basis for the aforementioned relief; choosing to avoid specifically requesting punitive damages, declarative judgment, or other form; but rather requests each specific request for relief notated above. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. 4904 relating to unsworn falsification to authorities.

Christian M. Smithson, Plaintiff

801

**YORK COUNTY PRISON**
**INMATE GRIEVANCE**

Exhibit "A" pg 1 of 13

**Inmate Name:** Christian M. Smithson          **Pouch Number:** 190375

**Signature of Inmate:** Chad M. Smith

**Date:** 5/13/14          **Housing Assignment:** NSB2A

**Instructions:**
1. I am a Pretrial Detainee ☑  Sentenced Inmate ☐   ICE Detainee ☐
2. Refer to the Inmate Handbook for procedures on the inmate grievance system.
3. State your grievance in Block A in a brief and understandable manner.
4. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**Block A.** Provide a brief, clear statement of your grievance. You may use the backside of this form for additional space. State all relief that you are seeking.

My grievance concerns YCP's continued denial of my application to work within the jail. I received a request form back today, that stated that I could not apply for any job due to my continuing charges of Att. Homicide and /or Aggravated Assault. (I'm assuming these are the charges referred to.) While I completely understand the Prisons need to sustain a certain level of security — an in-house job like working in the law library would not pose a security risk for an inmate such as myself who has not been convicted of anything yet. As a pretrial detainee the jail is only responsible for ensuring that I remain inside the confines of the prison, and to ensure that I am safe and do not pose a threat to other inmates of YCP or its staff members. The prevention of a pretrial detainee who has not yet been convicted from being allowed to work within the confines of the jail presents an issue in violate of a prisoners due process rights.

The relief I am requesting is a change in policy that would allow pretrial detainees such as myself the ability to work at secure in-house jobs like law library.

**Block B.** List actions taken and staff you have contacted before submitting this grievance.

Multiple Block Officers, Counselors, and Captains over the 20+ months I have been in this jail.

Your grievance has been received and will be processed in accordance with the Inmate Handbook.

_____          _____
Signature of Complaint Supervisor                                    Date

Grievance received on _____

Grievance referred on _____ to Medical / MH / Kitchen / Other _____

Exhibit 'A' pg 2 of 13

802

# YORK COUNTY PRISON
## INMATE GRIEVANCE SYSTEM
## INITIAL REVIEW (802) RESPONSE

Grievance Number: 051914C

**Inmate: SMITHSON, CHRISTIAN MICHAEL**          Inmate Number: 190375

**Housing Assignment: NSB-2A**          Original Grievance Date: May 13, 2014

**The following is a summary of my findings regarding your grievance:**

I received your complaint concerning your denied work application.

After you are denied a trustee position in the prison, you are offered a work board appeal form. This form needs to be filled out and turned into Supervisor Koons for review. I have enclosed a Work Board Appeal form for you.

Brittney O'Brien
Grievance Coordinator

5/19/14

Date

_____ Inmate received a copy of this response and did not wish to appeal
__X__ Inmate given/sent a copy of the (804) appeal form

**YORK COUNTY PRISON**
**CLASSIFICATION / WORK BOARD APPEAL**

Exhibit 'A' pg 3 of 13

Christian Smithson

Inmate's Name

Date 5/19/14

NS82A

Inmate's Location

Pouch Number 190375

I wish to appeal the decision of the Classification Committee.  My reason for the appeal is as follows:

I believe that it is a violation of my constitutional due process rights to be denied the ability to work inside the prison confines without having been convicted of any crime. A job like a law library worker would not compromise the ability of the jail to ensure that I remain confined within the jail until such a time as I am convicted, sentenced, or exonerated of my charges. As a pretrial detainee, this last statement is the only responsibility the jail has to provide besides basic needs of safety, food, bedding etc. I have been denied the ability to work multiple times due to my current pending charges - however my prior criminal history does not support this decision - nor would an inquiry filled out by recommendations of C/O's, Lieutenants or other supervisory staff whom have dealt with me during the 20+ months I've been in this jail.

Inmate's Signature

**CLASSIFICATION / WORK BOARD APPEAL RESPONSE**

Date

I have reviewed your appeal and my response is as follows:

It is a privilege, not a right to work in the prison. You have an attempted homicide charge. Your appeal is denied.

Deputy Warden's Signature

Exhibit 'A' pg 4 of 13

801

**YORK COUNTY PRISON**
**INMATE GRIEVANCE**

Inmate Name: Christian M. Smithson                    Pouch Number: 190375

Signature of Inmate: Clist M. Smith

Date: 5/3/14                    Housing Assignment: NSB 2A

**Instructions:**
1. I am a Pretrial Detainee ☒    Sentenced Inmate ☐    ICE Detainee ☐
2. Refer to the Inmate Handbook for procedures on the inmate grievance system.
3. State your grievance in Block A in a brief and understandable manner.
4. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**Block A.** Provide a brief, clear statement of your grievance. You may use the backside of this form for additional space. State all relief that you are seeking.

I recently filed an appeal with classification/work board stating that I feel that it is a violation of my constitutional due process rights; to be denied the ability to work inside the prison confines (solely) because of my pending charges — which I have yet to be convicted of. My appeal was denied because "It is a privilege, not a right to work in the prison ...." However I am not and did not claim that it was my right to work in the jail. My grievance is that I am being denied privileges based on prejudicial information that is being used in violation of my 5th Amendment Rights. The 5th Amendment (as it relates to this matter) states that "No person shall be ... deprived of ... liberty ... without due process of law..." It says more that I am omitting here — but is not pertinent to this complaint. The basis of this complaint is that my due process has not been completed with respect to my Attempted Homicide (charge or my Aggravated Assault; and because my due process has not yet been completed — using my charges to deny me the privilege to work within the jail is both unwarranted punishment and a violation of my constitutional rights. This stipulation should be lifted and my application for "in-house employment" should be reconsidered.

**Block B.** List actions taken and staff you have contacted before submitting this grievance.

I have spoken with multiple Block C/O's, Counselor Gayle and Counselor Amber, Applied for employment, and submitted a classification/work board appeal

Your grievance has been received and will be processed in accordance with the Inmate Handbook.

_____                    _____
Signature of Complaint Supervisor                    Date

Grievance received on _____

Grievance referred on _____ to Medical / MH / Kitchen / Other _____

D

Exhibit 'A' pg 5 of 13

802B

**YORK COUNTY PRISON
INMATE GRIEVANCE SYSTEM
INITIAL REVIEW RESPONSE**

**Name: SMITHSON, CHRISTIAN**                **Grievance Number: 061114**  G
**Housing Assignment:        NS B 2A**        **Pouch Number: 190375**

**Original Grievance Date:  5 31 14**

The following is a summary of my findings regarding your grievance:

This is in response to your grievance regarding your work board appeal.
You submitted a complaint because your work board appeal was denied by prison administration.
A trustee position within the prison is a privilege and not a right. I concur with your work board appeal denial. You may reapply for work within the prison on or after 7-28-14.

_____                        6/11/14
Signature of Complaint Supervisor Bea May                        Date

_____ Inmate received a copy of this response and did not wish to appeal
_____ Inmate given or sent a copy of the 804 appeal form.

D                                                              Exhibit 'A' pg 6 of 13

# YORK COUNTY PRISON
# COMPLAINT REVIEW SYSTEM
# (804) APPEAL

Smithson, Christian                    Complaint Register # ___061114 G___

**Inmate Name**
NS B 2A          190375                 Date ___6/11/14___

**Inmate Location**    **Pouch Number**

I wish to appeal the decision of the complaint supervisor. My reason for the appeal is as follows:

The 802 B response continues to address a problem I have not raised or grieved. I do not dispute that it is a privilege to work within the confines of York County Prison. My statement concerning my rights concerns the reason of why I was denied - not the jails ability to deny me the privilege to work. If York County Prison simply stated that I was denied - there would be no issue or grievance. However, my denials were accompanied with the reason or assertion that I was denied the privilege to work because of my current pending charges. Working inside the prison - such as working in the library - does not compromise the jails ability to ensure that I remain incarcerated here at York County Prison. In addition - if my charges are omitted from my application - I would be eligible to work in the position I have requested to work. Nobody from York County Prison has cited any other reason for denying my application to work - save my charges. Even though I am a pretrial detainee, the constitution's 5th Amendment Due Process clause (as it relates to this matter) still applies. In my 801 for this grievance, I even quoted the 5th Amendment in quotations. Again, I must reiterate; my due process as guaranteed by the 5th Amendment of the United States Constitution - has not yet been completed with regard to my Attempted Homicide charge and the three counts of Aggravated Assault on a police officer. Therefore the York County Prisons' denial of my privilege to work within the confines of the jail - based solely on my current pending charges - poses a direct violation of my 5th Amendment Due Process rights guaranteed by the United States Constitution. My argument is that your policy is in violation of the Constitution and therefore needs to be changed.

**Inmate keeps yellow copy**              Christian M. Smithson
**Send original & pink to Deputy Warden**    **INMATE NAME**

805A

**YORK COUNTY PRISON**
**INMATE GRIEVANCE SYSTEM**
**DEPUTY WARDEN RESPONSE**

Exhibit 'A' pg 7 of 13

**Grievance Number:** 061114G

Inmate:    **SMITHSON, CHRISTIAN**          **Pouch Number:** 190375

**Housing Assignment:**      NSB-2A          **Grievance Date:** 6/11/14

**Date Deputy Warden received grievance:**

The following is a summary of my findings regarding your grievance:

I have directed Supervisor Abenshon to investigate your 804 appeal to complaint register number 061114G in which you state that your constitutional rights are being violated because you are not being given a job because of your pending charges.

    You are not being given a job because you do not have team support. Please refer to pages 22 and 23 of your inmate handbook. In order to be considered for work by the Work Board an inmate must have the support of their treatment counselor and a housing unit officer – and in your case, the Deputy Warden of Treatment. You fall under the section on page 23 that describes the Problematic Review Process. You were not approved for work under that process either. You may fill out another work application and start the process over again. This resolves your grievance.

_____
**Signature of Deputy Warden**

_____
6/20/14
**Date**

Exhibit 'A' pg 8 of 13

## YORK COUNTY PRISON
## COMPLAINT REVIEW SYSTEM
## (806) REQUEST FOR SOLICITOR REVIEW

Smithson, Christian
**Inmate Name**

NSB-2A 190375

Complaint Register # 060114G

Date: 6/23/14

I request review of the decision of the Deputy Warden.  I received notice of his decision on 06/23/14 .
The date of this request is 06/23/14 .  I certify that there are valid grounds for this review.  The
following statements, which form the basis of this Appeal, are true:

On 05/13/14 - I filed an 801 because I was in receipt of a request slip from a York County Prison counselor denying me the ability to work "because of my charges." I proceeded to write this grievance stating that this denial to apply for a job was a violation of my constitutional rights to be denied the ability to work for charges I have not been convicted of as stated in the request slip. My response (entitled grievance number: 051914C) stated that I needed to file a work board appeal form with Treatment Supervisor Koons for review. His response stated "It is a privilege not a right to work in the prison. You have an attempted Homicide charge. Your appeal is denied." Nowhere in my filing I have grieved or appealed did I ever claim that it was my right to work in this prison. I did grievance that my constitutional rights are being violated by the jails denial of my privilege to work for the reason of my un-convicted charges... Which my work board Appeal response did again. On 5/31/14 I wrote a grievance (which is the 801 of this grievance) detailing specifically what my grievance was; citing my work board appeal denial and even quoting the portions of the 5th Amendment to the United States Constitution that apply to my grievance. Neither the request slip from the counselor nor the work board appeal denial stated any other reason besides my charges for my denial. If I had been denied the application or my work board appeal for any other reason - it would have and should have been listed instead of the unconstitutional reason recorded on the paper given back to me. I feel I must reiterate that my due process as guaranteed by the United States Constitution; has not yet been completed with respect to my current pending charges. Therefore York County Prisons denial of my privilege to work by denying me an application because of my charges and/or denying my work board appeal because of my charge(s) poses a direct violation of my 5th Amendment Due Process as guaranteed by the United States Constitution. I believe that your policy needs to be changed - and will be contacting an attorney if there is not a satisfactory remedy sought by the jail as well as a policy change within the prison.

Inmate Keeps Yellow Copy
Send Original & Pink To Deputy Warden

Christian M. Smithson
**Inmate Name**

# YORK COUNTY BOARD OF COMMISSIONERS

**Exhibit 'A' pg 9 of 13**



**COMMISSIONERS**
STEVE CHRONISTER, PRESIDENT
DOUG HOKE, VICE PRESIDENT
CHRISTOPHER B. REILLY, COMMISSIONER

**SOLICITOR**
MICHAEL W. FLANNELLY

**ASSISTANT SOLICITOR**
DONALD L. REIHART

**CHIEF CLERK/OFFICE MANAGER**
SHERRY BAER

**SOLICITOR'S OFFICE**
YORK COUNTY ADMINISTRATIVE CENTER
28 East Market Street
York, Pennsylvania 17401-1588
(717) 771-9306  FAX (717) 771-9804
www.yorkcountypa.gov.

July 15, 2014

Inmate Christian Smithson
York County Prison
3400 Concord Road
York, PA  17402

RE:    Solicitor's Review – Inmate Christian Smithson
       Complaint Register No. 061114G-14175

Dear Inmate Smithson:

The following constitutes a response to the appeal that you filed from the determination made by the Deputy Warden on June 23, 2014.

## I.

### PROCEDURAL AND FACTUAL BACKGROUND

An appeal has been filed under the Complaint Review System established at the York County Prison by inmate Christian Smithson.  The date of the appeal is June 23, 2014.

The original 801 filed by the inmate states as follows:

I recently filed an appeal with classification/work board stating that I feel that it is a violation of my constitutional due process rights: to be denied the ability to work inside the prison confines (solely) because of my pending charges—which I have yet to be convicted of.  My appeal was denied because "it is a privilege, not a right to work in the prison..." however, I am not and did not claim that it was my right to work in the jail. My grievance is that I am being denied privileges based on prejudicial information that is being used in violation of my 5th Amendment Rights. The 5th Amendment (as it relates to this matter) states that "No person shall be...deprived of..liberty...without due process of law..."  It says that I am omitting here-but is not pertinent to this complaint.  The basis of this

Inmate Christian Smithson
Page 2

Exhibit "A" pg 10 of 13

complaint is that my due process has not been completed with respect to my Attempted Homicide charge or my Aggravated Assault and because my due process has not yet been completed—using my charges to deny me the privilege to work within the jail is both unwarranted punishment and a violation of my constitutional rights. This stipulation should be lifted and my application for "in-house employment" should be reconsidered.

I have spoken with multiple block C/Os, Counselor Gayle and Counselor Amber, applied for employment, and submitted a classification/work board appeal.

The Complaint Supervisor responded to this complaint as follows:

This is in response to your grievance regarding your work board appeal.

You submitted a complaint because your work board appeal was denied by prison administration.

A trustee position within the prison is a privilege and not a right. I concur with your work board appeal denial. You may reapply for work within the prison on or after 7-28-14

Deputy Warden Doll reviewed this complaint and stated:

I have directed Supervisor Abenshon to investigate your 804 appeal to complaint register number 061114G in which you state that your constitutional rights are being violated because you are not being given a job because of your pending charges.

You are not being given a job because you do not have team support. Please refer to pages 22 and 23 of your inmate handbook. In order to be considered for work by the Work Board an inmate must have the support of their treatment counselor and a housing unit officer—and in your case, the Deputy Warden of Treatment. You fall under the section on page 23 that describes the Problematic Review Process. You were not approved for work under that process either. You may fill out another work application and start the process over again. This resolves your grievance.

In his "806" the inmate states as follows:

On 5/13/14 I filed an 801 because I was in receipt of a request slip from a York County Prison counselor denying me the ability to work "because of my charges." I proceeded to write this grievance stating that this denial to apply for a job was a violation of my constitutional rights to be denied the ability to work for charges I have not been convicted of as

Inmate Christian Smithson
Page 3

Exhibit 'A' pg 11 of 13

stated in the request slip.   My response (entitled grievance number 051914C) stated that I needed to file a work board appeal form with Treatment Supervisor Koons for review.  His response stated:  "It is a privilege not a right to work in the prison.  you have an attempted homicide charge.  Your appeal is denied."  Nowhere in anything I have grieved or appealed did I ever claim that it was my right to work in this prison.  I did grieve that my constitutional rights are being violated by the jail's denial of my privilege to work for the reason of my un-convicted charges...which my work board appeal response did again on 5/31/14 I wrote  a grievance (which is the 801 of this grievance) detailing specifically what my grievance was: citing my work board appeal denial and even quoting the portions of the 5th Amendment to the United States Constitution that apply to my grievance.  Neither the request slip from the counselor nor the work board appeal denial stated any reasons besides my charges for my denial.  If I had been denied the application of my work board appeal for any other reason—it would have and should have been listed instead of the unconstitutional reason...on the paper given back to me.  I feel I must reiterate that my due process as guaranteed by the United States Constitution has not yet been completed with respect to my current pending charges .  therefore York County Prison's denial of my privilege to work by denying me an application because of my charges and/or denying my work board appeal because of my charge(s) poses a direct violation of my 5th Amendment due Process as guaranteed by the United States Constitution.  I believe that your policy needs to be changed-and will be contacting an attorney if there is not a satisfactory remedy sought by the jail as well as a policy change within the prison.

II.

## DISCUSSION AND DETERMINATION

This inmate claims that his constitutional rights are being violated because he has not been given employment at the York County prison.  It has been determined that there is no constitutional right to employment when an inmate is confined in a prison in the United States.

The inmate has failed to make out a valid basis for relief.  This is not a matter for reference to the Complaint Review Board.

Appeal denied.

Inmate Christian Smithson
Page 4

Exhibit *A* pg 12 of 13

**Notice of appellate rights:**

**You may appeal this decision by writing a letter, explaining reasons why your request or claim should be granted.  The letter should be addressed to:  Chairman (President), Inspectors of the York County Prison (York County Prison Board), 28 East Market Street, York, Pennsylvania  17401**

Sincerely,

Donald L. Reihart
Solicitor for the York County Prison Board

DLR/nlb

*Exhibit A' pg 13 of 13*

# YORK COUNTY BOARD OF COMMISSIONERS

**COMMISSIONERS**
STEVE CHRONISTER, PRESIDENT
DOUG HOKE, VICE PRESIDENT
CHRISTOPHER B. REILLY, COMMISSIONER



**SOLICITOR**
MICHAEL W. FLANNELLY

**ASSISTANT SOLICITOR**
DONALD L. REIHART

**CHIEF CLERK/OFFICE MANAGER**
SHERRY BAER

**SOLICITOR'S OFFICE**
YORK COUNTY ADMINISTRATIVE CENTER
28 East Market Street
York, Pennsylvania 17401-1588
(717) 771-9306  FAX (717) 771-9804
www.yorkcountypa.gov.

August 5, 2014

Inmate Christian Smithson
York County Prison
3400 Concord Road
York, PA  17402

RE:    **Appeal to the York County Prison Board**
       **Inmate Christian Smithson—Final Review**
       **Complaint Register Numbers: 061114G-14175**

Dear Inmate Smithson:

Your appeal that was taken regarding the above captioned Complaint Register Number has been reviewed.

The York County Prison Board voted to deny your appeal.

You have now exhausted your administrative remedies required by the Federal Prison Litigation Reform Act, 42 U.S.C. §1997(e).

Sincerely,

Donald L. Reihart
Solicitor for the York County Prison Board

DLR/nlb
Cc:    Deputy Warden Doll