IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN M. SMITHSON, | :CIVIL ACTION NO. **1:CV-14-2073** |
| Plaintiff | (Judge Kane) |
| v. | (Magistrate Judge Blewitt) |
| GAYLE FEDERICO, et al., | |
| Defendants | |

FILED
SCRANTON
DEC 01 2014
PER _____
DEPUTY CLERK

## **MEMORANDUM**

### I.   INTRODUCTION

On October 28, 2014, Plaintiff, Christian M. Smithson, a prisoner in the York County Prison located in York, Pennsylvania, filed, *pro se,* a Section 1983 Complaint. (Doc. 1). Plaintiff also filed a Motion to proceed *in forma pauperis*. (Doc. 2). (*Id.*). The Complaint raises claims of violations of the United States Constitution. (Doc. 1, pp. 5-17). As relief, Plaintiff requests declaratory and injunctive relief as well as compensatory and punitive damages against each Defendant. (*Id.*).

On October 28, 2014, Plaintiff filed this instant Motion to Appoint Counsel (**Doc. 3**). We will now discuss Plaintiff's Motion to Appoint Counsel. (*Id.*).

### II.   DISCUSSION

Plaintiff states in his motion that he is unable to afford counsel and he "has no current or prior education pertaining to civil action law, or more specifically with Federal Law; and has heavily relied upon the help of fellow inmates and inadequate law library resources in order to initiate these proceedings in Federal Civil Court." (Doc. 3, p. 1). Plaintiff does not have a

constitutional right to appointed counsel. The Court in *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

> "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Id.* However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (citing *Tabron v. Grace*, 6 F.3d at 155-57). This list of factors is not exhaustive. *Tabron*, 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." *Id.*

Based on these factors, we find that Plaintiff's Document 3 Motion for Appointment of Counsel should be denied. Until Defendants have responded to Plaintiff's Complaint, it is not yet clear if Plaintiff's claims have arguable merit. Also, the next factor weighs against the Plaintiff's Motion for Appointment of Counsel. That is, the Plaintiff has clearly demonstrated an ability to present his own case based on his Complaint. Further, Plaintiff's pleading demonstrates that he can write proper English, present his arguments in an intelligent manner, and cite relevant law. Moreover, there are no difficult and complex legal issues involved in this case. Any factual investigation that the Plaintiff has to do is minimal, as it is clear based on his Complaint (Doc. 1) that

2

Plaintiff is well aware of the basis of his claims. Additionally, it is does not appear that this case will require testimony from expert witnesses.

Even if Plaintiff does not have the financial resources and time to properly prepare his case, it is premature to say if this case will go to trial. Even if this case does go to trial, Plaintiff is responsible for his own costs in prosecuting his case, including the costs of discovery and assembling the facts. Simply because Plaintiff is *pro se* and allegedly lacks financial resources, does not entitle him to conduct his discovery free of charge or paid by the government. See *Victor v. Lawler*, 2010 WL 2326248, *3-*4 (M.D. Pa. 6-2-10)(the law is well-settled that *pro se* litigant must pay for the expenses involved in their civil actions); *Copelin v. Rothermel*, Civil No. 09-2336, M.D. Pa. This is also true even if the Plaintiff were proceeding *in forma pauperis*.

In *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993), the Third Circuit Court stated that "[t]here is no provision for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." See also *Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W. D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant); *Reynolds v. Katz*, Civil No. 06-1400, M.D. Pa.

In *Kerwin v. Varner*, 2006 WL 3742738, *2 (M.D. Pa.), this Court denied an inmate Plaintiff's Motion to appoint a medical expert to assist with his case and stated that "we do not have

the authority to appoint a medical expert or private investigator to act on behalf of [inmate] Kerwin." See also *Atwell v. Lavan*, 557 F. Supp. 2d 532, 557 (M.D. Pa.2008)(denial of inmate Plaintiff's request, in civil rights action, for subsidized copies and postage paid by prison staff did not amount to First Amendment claim of denial of access to the courts); *Hodge v. U.S.*, 2009 WL 2843332, *4-*5(M.D. Pa.)(*in forma pauperis* Plaintiffs, including *pro se* inmates, are responsible for their litigation fees in civil actions); *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993)(court had no authority to pay for Plaintiff's deposition transcript); *Wilkerson v. U.S.*, Civil No. 07-2228 (M.D. Pa. 4-20-09)(court denied *in forma pauperis* Plaintiff's motion for independent medical exam). Thus, this Court has no authority to have government monies used to pay for Plaintiff's expenses in prosecuting his case. Also, the Court simply will not appoint Plaintiff an attorney so that the attorney will have to use his or her own money to prepare Plaintiff's case. Thus, we will deny Plaintiff's **Doc. 3** Motion to Appoint Counsel.

*/s/ Thomas M. Blewitt*
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: December 1, 2014