UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN SMITHSON, | : | |
| Plaintiff | : | Civil Action No. 1:14-CV-2073 |
| v. | : | (Judge Kane) |
| GAYLE FREDERICO, et al., | : | (Magistrate Judge Carlson) |
| Defendants | : | |

REPORT AND RECOMMENDATION

FILED
SCRANTON
JAN 0 6 2015
PER _____
DEPUTY CLERK

I. **Statement of Facts and of the Case**

This case, which comes before the court for an initial screening review, is a *pro se, in forma pauperis* action brought by a state prisoner, Christian Smithson, against his jailers at the York County prison. In his complaint Smithson alleges that Smithson's jailers have violated his rights by not permitting his release from prison to go to work. (Doc. 1.) Smithson seeks damages from the defendants, and his *pro se* complaint purports to bring claims against the defendants under both Pennsylvania's constitution (Doc. 1, Counts I and II), and the United States constitution. (Id., Counts III and IV.)

Along with his complaint, Smithson filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) This matter was initially referred to Magistrate Judge Blewitt but now has been reassigned to the undersigned. Prior to this reassignment, the Court granted Smithson leave to proceed *in forma pauperis*, and ordered service of the

complaint upon the defendants, who have waived service and whose answers to the complaint are due on or before February 9, 2015. (Doc. 24.) However, as part of our on-going screening review of the complaint, we have concluded that Smithson's claims for damages under the Pennsylvania constitution should be dismissed. Therefore we recommend dismissal of Counts I and II of the complaint.

II. **Discussion**

A. **Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review**

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil

Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." Associated Gen. Contractors of Cal. v. California State Council of

Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the . . . well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged . . . are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal benchmarks, for the reasons set forth below, Counts I and II of this complaint are fatally flawed and should be dismissed.

### B. <u>Smithson May Not Bring Damages Claims Under the Pennsylvania Constitution</u>

In his complaint Smithson seeks damages from the defendants, and his *pro se* complaint purports to bring claims against the defendants under both Pennsylvania's constitution (Doc. 1, Counts I and II), and the United States constitution. (<u>Id</u>., Counts III and IV.) However, to the extent that the plaintiff seeks damages under the Pennsylvania constitution, it must be noted that:

Pennsylvania law does not include a statutory equivalent to 42 U.S.C. § 1983, which provides a cause of action for damages because of a federal constitutional violation. Moreover, the question of whether the Pennsylvania Constitution provides a cause of action for damages remains unanswered. Underwood v. Beaver Cnty. C.Y.S., Civ. A. No. 03-1475, 2005 U.S. Dist. LEXIS 23012, at *7 (W.D.Pa. Oct. 7, 2005). Nevertheless, a majority of other district courts in this circuit that have decided the issue have concluded that money damages are not available for claims under the Pennsylvania Constitution .See Ryan v. General Machine Prods., 227 F.Supp.2d 585, 595 (E.D.Pa.2003) (stating that federal courts in the Court of Appeals for the Third Circuit have concluded that there is no right to money damages under the Pennsylvania Constitution); see also Douris v. Schweiker, 229 F.Supp.2d 391, 405 (E.D.Pa.2002); Lees v. West Greene Sch. Dist., 632 F.Supp. 1327, 1335 (W.D.Pa.1986). Although monetary relief is unavailable, "other remedies, such as declaratory or injunctive relief ... are ... remedies under the Pennsylvania Constitution." Jones v. City of Philadelphia, 890 A.2d 1188, 1215-16 (Pa.Commw.Ct.2006) (discussing the lack of a cause of action for damages under the Pennsylvania Constitution and declining, "without benefit of legislative action," to create such a cause of action.).

O'Hara v. Hanley, No. 08-1393, 2009 WL 2043490, 9 (W.D.Pa. July 8, 2009).

In sum, "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." Pocono Mtn. Charter School v. Pocono Mtn. School Dist., 442 F.App'x 681, 687 (3d Cir. 2011). Therefore, the state constitution simply does not provide legal footing for any damages claims like those made by the plaintiff in this case, and these counts of Smithson's complaint which endeavor to bring damages claims under the Pennsylvania constitution should be dismissed.

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that Counts I and II of the plaintiff's complaint, which purport to bring claims for damages under the Pennsylvania constitution, be DISMISSED.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of January, 2015.

<u>S/Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge
