IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTIAN M. SMITHSON,** : | |
| Plaintiff : | |
| : | No. 1:14-cv-2073 |
| v. : | |
| : | (Judge Kane) |
| **MARIAH BRITTANY RIZZO, et al.,** : | |
| Defendants : | (Magistrate Judge Carlson) |
| : | |

## MEMORANDUM

Before the Court are two Report and Recommendations[1] of Magistrate Judge Carlson, recommending that the Court dismiss Counts I and II of Plaintiff's complaint, and that the Court deny Plaintiff's motion for a preliminary injunction. (Doc. Nos. 27, 28.) For the reasons that follow, the Court will adopt the Report and Recommendations, will dismiss Counts I and II, and will deny Plaintiff's motion for a preliminary injunction.

## I.    BACKGROUND

On October 28, 2014, Plaintiff Christian M. Smithson, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff is currently incarcerated at York County Prison while awaiting trial on attempted murder charges. In his complaint, Plaintiff seeks damages and alleges that the Defendants violated his rights by not permitting him to work. (Id.) Counts I and II of Plaintiff's complaint bring claims under the Pennsylvania Constitution, and Counts III and IV bring claims under the United States

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

Constitution.  (Id.)  Also on October 28, 2014, Plaintiff filed a motion for preliminary injunctive relief, in which the asks to the Court to order that he be released from York County Prison and transferred to a different location.  (Doc. No. 4.)

Magistrate Judge Carlson screened Plaintiff's complaint under 28 U.S.C. § 1915(e), and on January 6, 2015, issued a Report and Recommendation in which he recommends that the Court dismiss Counts I and II of Plaintiff's complaint.  (Doc. No. 27.)  On January 7, 2015, Magistrate Judge Carlson issued a Report and Recommendation in which he also recommends that the Court deny Plaintiff's motion for a preliminary injunction.  (Doc. No. 28.)  Plaintiff filed timely objections to Magistrate Judge Carlson's recommendations on January 16, 2015.  (Doc. Nos. 29, 30.)

## II. DISCUSSION

### A. Dismissal of Counts I and II

Counts I and II of Plaintiff's complaint purport to bring claims for monetary damages under Pennsylvania's constitution.  (Doc. No. 1.)  Magistrate Judge Carlson, having screened Plaintiff's pro se complaint, recommends that the Court dismiss these Counts because there is no private cause of action for damages under the Pennsylvania Constitution.  (Doc. No. 27 at 6-7.)  Plaintiff objects, asserting that the Pennsylvania Constitution provides for his private cause of action.  (Doc. No. 29 at 4-7.)  He also argues that he has stated a claim upon which relief can be granted, and contends that the Court cannot dismiss portions of his complaint without "specifically explaining the deficiency" and "granting the Plaintiff right and time to amend the original complaint."  (Id. at 2-4.)

The Court finds no error in Magistrate Judge Carlson's recommendation, and will

overrule Plaintiff's objection to the contrary. In Counts I and II of his complaint, Plaintiff specifically seeks monetary damages for alleged violations under the Pennsylvania Constitution. However, as Magistrate Judge Carlson correctly recognized, "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681, 687 (3d Cir. 2011). This is distinct from claims arising under the United States Constitution, such as Counts III and IV of Plaintiff's complaint, for which a private cause of action is provided by 42 U.S.C. § 1983. See Moeller v. Bradford Co., 444 F. Supp. 2d 316, 327 n.13 (M.D. Pa. 2011) ("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation."). The Court is unpersuaded by the sections of Pennsylvania's constitution quoted by Plaintiff in his objections, as it clear that Courts do not recognize his claims for monetary damages under the Pennsylvania Constitution.

Additionally, Plaintiff's arguments concerning the applicable pleading standard are misplaced. The Court is not dismissing Counts I and II because Plaintiff failed to plead sufficient facts in support of his claims; rather, the Court is dismissing those Counts because Plaintiff's claims for monetary damages under the Pennsylvania Constitution fail as a matter of law. Therefore, the Court also rejects Plaintiff's contention that he should be given an opportunity to amend those Counts of his complaint. "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). A Court need not grant leave to amend where amendment would be inequitable or futile. Id. Amendment here is futile; no amendment to Plaintiff's complaint will

alter the conclusion that he may not seek monetary damages for alleged violations of the Pennsylvania Constitution.  See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.")  Accordingly, the Court will adopt the Report and Recommendation of Magistrate Judge Carlson, and will dismiss Counts I and II of Plaintiff's complaint with prejudice.

>    B.    **Preliminary injunction**

Magistrate Judge Carlson also recommends that the Court deny Plaintiff's motion for a preliminary injunction, in which Plaintiff asks the Court to order that he be released from York County Prison and transferred elsewhere.  (Doc. No. 28.)  Specifically, Magistrate Judge Carlson recommends the Court deny the motion because Plaintiff has failed to demonstrate either a likelihood of success on the merits or that he will suffer irreparable harm in the absence of an injunction.[2]  (Id.)  Plaintiff objects to both of these proposed findings, and contests that he has established both a likelihood of success on the merits and irreparable injury.  (Doc. No. 30.)

In determining whether to grant a motion seeking preliminary injunctive relief, the Court must evaluate four factors: (1) the likelihood of success on the merits; (2) possibility of irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if

---

[2] As further grounds for denying the motion, Magistrate Judge Carlson also recommends that the Court deny the preliminary injunction because by forcing a different prison to accommodate Plaintiff, it necessarily seeks to enjoin individuals who are not a party to the litigation.  (Doc. No. 28 at 8-9.)  Plaintiff objects on the grounds that transfer "is the only recourse that could possibly be requested without requesting that [the Court] utilize a preliminary injunction to force York County Prison to [provide Plaintiff with work]."  (Doc. No. 30 at 2-3.)  However, Plaintiff's objection does not alter Magistrate Judge Carlson's conclusion that his requested relief – transfer to different facility – would improperly enjoin a non-party to this litigation.

relief is granted; and (4) the public interest. Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). It is the moving party that bears the burden of establishing these factors. United States v. Bell, No. 01-2159, 2003 WL 102610, at *2 (M.D. Pa. Jan. 10, 2003).

The Court finds no error with the conclusions of Magistrate Judge Carlson, and will overrule Plaintiff's objections to the contrary. First, Plaintiff has not established that he is likely to succeed on the merits of his claims. The Court agrees with Magistrate Judge Carlson that "prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment." (Doc. No. 28 at 11); see e.g., Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976). Moreover, Plaintiff has not established a likelihood of success on his claims that his due process rights have been violated by his lack of employment within the prison. See Bartley v. Smith, No. 05-2350, 2007 WL 405941, at *3 (M.D. Pa. Feb. 2, 2007) ("An inmate does not have a protected liberty or property interest in continued prison employment.") (citing James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989)). In his objections, Plaintiff conclusorily states that his objections to Magistrate Judge Carlson's other Report and Recommendation "will sufficiently resolve any issue previously believed concerning the Plaintiff's demonstration of a reasonable likelihood of success on the merits." (Doc. No. 30 at 1-2.) However, there is nothing averred in that submission from which the Court can conclude that Plaintiff is likely to succeed on the merits of

his claims arising under the United States Constitution.[3]

Alternatively, the Court also agrees with Magistrate Judge Carlson that Plaintiff has not established an imminent irreparable harm.[4] See In Re Arthur Treacher's Franchise Litigation, 689 F.2d at 1143. To show irreparable harm, a plaintiff must demonstrate "a clear showing of immediate, irreparable injury;" an injunction may not be used to "eliminate the possibility of a remote future injury." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Here, Plaintiff's complaint requests significant monetary damages, which would appear to adequately compensate him for the lost employment to which he believes he is entitled. See Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Along these lines, the Court finds that Plaintiff has failed to establish that these alleged violations "could not be remedied following a final determination on the merits of his claims." Rivera v. Pennsylvania Dep't of Corr., 346 F. App'x 749, 750 (3d Cir. 2009). In his objections, Plaintiff states that the Defendants "cannot possibly account for the undue stress Plaintiff endures . . . ." (Doc. No. 30 at 2.) However, in showing an

---

[3] Magistrate Judge Carlson also observes that granting Plaintiff's motion would harm the public interest by effectively having federal courts interfering with prison administration and dictating the treatment of a single prisoner. (Doc. No. 28 at 13-14.) Plaintiff does not specifically object to this proposed finding, a finding that also weighs against granting the motion. The Court finds no error in Magistrate Judge Carlson's analysis on this point.

[4] In Plaintiff's objection, he also sets forth that injunctive relief is further necessary to prevent "retaliatory actions and discrimination" he has faced since the initiation of this lawsuit. (Doc. No. 30 at 2). However, these allegations are lacking in specificity and do not form a basis for the Court to decline to adopt Magistrate Judge Carlson's recommendations.

entitlement to this type of injunctive relief, Plaintiff faces a very high burden.  See Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980) ("[W]hen the preliminary injunction is directed not merely at preserving the status quo but, as in this case, at providing mandatory relief, the burden on the moving party is particularly heavy.").  The Court finds that none of Plaintiff's averments meets this high standard.  Accordingly, the Court will adopt the Report and Recommendation of Magistrate Judge Carlson and will deny the motion for a preliminary injunction.

### III.    CONCLUSION[5]

The Court will adopt the Report and Recommendation of Magistrate Judge Carlson and will dismiss Counts I and II of Plaintiff's complaint, which seek money damages under the Pennsylvania Constitution.  It will also deny Plaintiff's motion for a preliminary injunction.  An order consistent with this memorandum follows.

---

[5] Plaintiff also repeatedly requests that this Court hold a "Pre-Trial type hearing" with respect to his complaint and preliminary injunction motion.  (See Doc. No. 29 7-8, Doc. No. 30 at 3-4.)  However, a motion for preliminary injunction may be denied without a hearing if "the movant is proceeding on a legal theory which cannot be sustained" or "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm."  Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175-76 (3d Cir. 1990).  Here, the Court finds that Plaintiff has established no colorable basis to support either the merits of his claim or his contention of irreparable harm.  Accordingly, the Court will deny Plaintiff's request for a hearing.