# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTIAN M. SMITHSON,

       Plaintiff,

       v.

GAYLE FEDERICO, et al.,

       Defendants.

CIVIL ACTION NO. 1:14-cv-02073

(KANE, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights action. At the time of filing of the original complaint in this action, plaintiff Christian M. Smithson was a pretrial detainee at York County Prison, facing a number of criminal charges, including attempted homicide and aggravated assault. He remains incarcerated there, awaiting a jury trial.

Smithson asserts federal civil rights claims for damages based on the alleged refusal by prison officials to permit him to work at a prison job during the first 2½ years of his incarceration as a pretrial detainee, which he claims violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.[1] (Doc. 58). The defendants

---

[1] Smithson's original complaint also advanced claims under the

*(continued on next page)*

have moved for dismissal on the ground that Smithson has failed to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 32).[2] The defendants have filed a brief in support of the motion, and Smithson has filed a brief in opposition. (Doc. 33; Doc. 36). The motion is ripe for disposition.

In addition, the Court has independently reviewed the amended complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).

## I.   STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a

---

Pennsylvania Constitution, but those claims were previously dismissed with prejudice for failure to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* Doc. 1; Doc. 27; Doc. 39; Doc. 40; Doc. 48; Doc. 49). The original complaint requested injunctive relief as well as damages, but since the filing the original complaint, Smithson has been given a prison job, mooting his request for injunctive relief. The amended complaint omits both the injunctive relief claims and the state law damages claims, asserting federal civil rights claims for damages only. (*Compare* Doc. 58 *with* Doc. 1).

[2] The defendants filed their motion in response to the original complaint. Because the defendants' grounds for dismissal are equally applicable to the amended complaint, which did not substantively change the nature of Smithson's claims, upon granting Smithson leave to file his amended complaint, the Court deemed the motion to dismiss to have been filed in response to the amended complaint. (Doc. 57).

defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition.

The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B. *Sua Sponte* Dismissal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation

screening procedures and standards). "The court's obligation to dismiss a complaint under [these] screening provisions is not excused even after defendants have filed a  motion to dismiss." *Id.* at 589. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

## II.   DISCUSSION

The amended complaint asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. Section 1983 provides a private cause of action with respect to the violation of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides

remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Here, Smithson has alleged that the defendants refused to permit him to work at a prison job while incarcerated pending trial on various criminal charges, including one count of attempted homicide and several counts of aggravated assault. He claims that his requests for a prison job were refused solely on the basis of the criminal charges against him, depriving him of the opportunity to work and earn several thousand dollars in wages while awaiting trial, and that this constitutes the deprivation of a liberty or property interest without due process of law, in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. He seeks compensatory damages for the period of time between September 6, 2012, when he was first incarcerated, and April 16, 2015, when he apparently was finally given a prison job.

## A. Fifth Amendment Claim

Smithson asserts a Fifth Amendment due process claim against the

defendants for refusing to permit him to work and earn income while incarcerated. The Fifth Amendment provides, in relevant part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. But the due process clause of the Fifth Amendment "applies only to the acts of the federal government. It does not apply to the acts or conduct of the states, their agencies, subdivisions, or employees." *Shoemaker v. City of Lock Haven*, 906 F. Supp. 230, 238 (M.D. Pa. 1995) (citations omitted). Moreover, "[r]ights guaranteed by the Fifth Amendment are not incorporated into the Fourteenth where, as here, such rights, if they exist, can be asserted directly under the Fourteenth Amendment." *Id.*

Accordingly, it is recommended that Smithson's Fifth Amendment due process claim be dismissed *sua sponte* for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).

### B. Fourteenth Amendment Claim

Smithson asserts a Fourteenth Amendment due process claim against the defendants for refusing to permit him to work and earn income while incarcerated. Similar to the Fifth, the Fourteenth Amendment

provides, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property, and (2) that the deprivation occurred without due process of law." *Burns v. PA Dep't of Corr.*, 544 F.3d 279, 285 (3d Cir. 2008) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

It is well established that a Pennsylvania inmate does not have a protected liberty or property interest in prison employment. *See James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir. 1989); *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975); *Murray v. Assoc. Warden Young*, Civil No. 3:CV-12-1673, 2012 WL 5398628, at *6 (M.D. Pa. Nov. 5, 2012). In the absence of any constitutionally protected liberty or property interest, Smithson has failed to state a cognizable due process claim. *See James*, 866 F.2d at 629; *see also Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."); *Delhagen v. McDowell*, 703 F. Supp. 2d 467, 478 n.4 (M.D. Pa. 2010) ("[A]bsent a protected property interest, due process

- 8 -

guarantees are not implicated.").

Accordingly, it is recommended that the defendants' motion to dismiss be granted and Smithson's Fourteenth Amendment due process claim be dismissed for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## C. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It is abundantly clear, by the very nature of Smithson's claims, that amendment would be futile. It is therefore recommended that this action be dismissed with prejudice and without leave to amend.

## III. PLRA "THREE STRIKES" WARNING

The Plaintiff is hereby notified that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.

28 U.S.C. § 1915(g).

If this recommended disposition is adopted by the presiding United States District Judge, the dismissal of this action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) will constitute a "strike" under 28 U.S.C. § 1915(g), and the accumulation of additional strikes may bar the plaintiff from proceeding *in forma pauperis* in later cases absent a showing of imminent danger. *See generally Byrd v. Shannon,*715 F.3d 117, 126 (3d Cir. 2013) (articulating Third Circuit standard for application of § 1915(g) "three strikes" rule).[3]

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.     The plaintiff's Fifth Amendment due process claim be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to

---

[3] It should be noted that, although the instant report only concerns Smithson's federal claims, his state-law claims were also dismissed with prejudice for failure to state a claim. In any event, the disposition of pendent state-law claims is a "non-event" that does not factor into the § 1915(g) "three strikes" analysis. *See Galloway v. Pennsylvania*, Civil Action No. 13-960, 2013 WL 5231412, at *3 n.3 (W.D. Pa. Sept. 17, 2013); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1076 n.1 (E.D. Wis. 1999).

28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1);

2.     The defendants' motion to dismiss (Doc. 32) be **GRANTED** and the plaintiff's Fourteenth Amendment due process claim be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and

3.     The Clerk be directed to mark this case as **CLOSED**.

Dated: **July 30, 2015**              _**s/ Joseph F. Saporito, Jr.**_
                                     **JOSEPH F. SAPORITO, JR.**
                                     **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTIAN M. SMITHSON,

        Plaintiff,               CIVIL ACTION NO. 1:14-cv-02073

        v.                    (KANE, J.)
                              (SAPORITO, M.J.)

GAYLE FEDERICO, et al.,

        Defendants.

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated July 30, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 30, 2015                    _s/ Joseph F. Saporito, Jr._
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge