**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTIAN M. SMITHSON,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:14-cv-2073** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **GAYLE FEDERICO, et al.,** | : | |
| **Defendants** | : | **(Magistrate Judge Saporito)** |
| | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 28, 2014, Plaintiff Christian M. Smithson, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff is currently incarcerated at York County Prison while awaiting trial on charges including attempted homicide. In his complaint, Plaintiff alleges that the Defendants violated his due process rights by not permitting him to work while incarcerated.[1] (Id.) Initially, Counts I and II of Plaintiff's complaint brought claims under the Pennsylvania Constitution, and Counts III and IV brought claims under the United States Constitution. (Id.) On October 28, 2014, Plaintiff also filed a motion for preliminary injunctive relief. (Doc. No. 4.) Following screening of Plaintiff's complaint under 28 U.S.C. § 1915(e), the Court dismissed Counts I and II with prejudice and denied Plaintiff's corresponding motion for a preliminary injunction. (Doc. Nos. 39, 40.)

In the meantime, on February 9, 2015, Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. No. 32.) Plaintiff filed an opposition brief

---

[1] It appears that Plaintiff ultimately received in-house prison work on April 16, 2015. (Doc. No. 41.) However, he still requests money damages to reflect the time during which he was not allowed to work. (Id.)

(Doc. No. 36), and thereafter filed multiple motions to amend his complaint (Doc. Nos. 41, 43) as well as his proposed amendment (Doc. No. 44). Magistrate Judge Saporito, noting that the proposed amended complaint reiterates the same factual allegations as the original, granted the motion to amend and ordered that Plaintiff's proposed amended complaint be docketed accordingly. (Doc. No. 57.) Magistrate Judge Saporito also ordered that, due to the similarities between the documents, the Defendants' previously filed motion to dismiss was to be deemed filed in response to the amended complaint. (Id.)

Thereafter, on July 30, 2015, Magistrate Judge Saporito filed a Report and Recommendation in which he recommends that the case be dismissed with prejudice. (Doc. No. 59.) Specifically, he recommends the Court find that Plaintiff failed to allege either a Fifth or Fourteenth Amendment violation because Plaintiff does not have a protected liberty or property interest in prison employment. (Id.) On August 10, 2015, Plaintiff filed timely objections. (Doc. No. 60.) Two days later on August 12, 2015, he filed motions for "over-pagination" and to "amend his complaint" (see Doc. Nos. 61, 62, 63); essentially, Plaintiff now seeks to file a new amended complaint.

The Court will overrule Plaintiff's objections, and will deny him further leave to amend. First, the Court agrees with Magistrate Judge Saporito that Plaintiff has not alleged a due process violation, because, as the Court has previously noted in this litigation, a prisoner has no protected interest in work while incarcerated. See Bartley v. Smith, No. 05-2350, 2007 WL 405941, at *3 (M.D. Pa. Feb. 2, 2007) ("An inmate does not have a protected liberty or property interest in continued prison employment.") (citing James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989)). In objecting to this finding, Plaintiff contends that he has never alleged that a

purported right to work was violated by prison officials' refusal to permit to work but, rather, it is his "free speech right to apply for a privilege" that is being infringed upon. (Doc. No. 60 at 2.) Although this contention is plainly belied by some of Plaintiff's previous filings,[2] his claims are no more meritorious when labeled as speech-based and the Court is satisfied that the denial of prison work in no way implicates protected speech rights.

Plaintiff also objects to Magistrate Judge Saporito's finding that Plaintiff should not be allowed to further amend his complaint. To this end, Plaintiff has included a new 100-page amended complaint (Doc. No. 62), which he contends contains "the proof/evidence necessary" for his action, and includes "further retaliatory actions" by the Defendants named in his original complaint (see Doc. No. 60 at 1). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). A Court need not grant leave to amend where amendment would be inequitable or futile. Id. Here, Plaintiff has already filed an amended complaint, and its allegations similarly failed to allege a proper cause of action. Moreover, the Court finds that none of the additions in Plaintiff's proposed new complaint – such as his brand new conclusory assertions that he has been retaliated against for seeking to enforce his right to free speech/work – remedies his inability to plead a due process violation arising out of his inability to obtain prison work. Rather, the Court agrees with Magistrate Judge Saporito that further amendment here would be futile, because there is no constitutional dimension to Plaintiff's alleged harm in not receiving prison work earlier.

---

[2] See, e.g., Doc. No. 1 at 5 ("[Defendant] has deprived the Plaintiff of his liberty to work[.]").

**AND NOW,** on this 20th day of August 2015, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Saporito's Report and Recommendation (Doc. No. 59) is **ADOPTED**;

2. Plaintiff's objections (Doc. No. 60) are **OVERRULED**;

3. Defendant's motion to dismiss (Doc. No. 32) is **GRANTED** and Plaintiff's Fifth and Fourteenth Amendment claims are **DISMISSED WITH PREJUDICE**;

4. Plaintiff's motions for over-pagination and to amend (Doc. Nos. 61, 62) are **DENIED**; and,

5. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania